IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| AMANDA BRAZZEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-108 (LAG) |
| | : | |
| STATE FARM FIRE AND CASUALTY | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint and Motion for Hearing. (Docs. 6, 8). For the reasons below, Defendant's Motion to Dismiss (Doc. 6) is **DENIED** and Defendant's Motion for Hearing (Doc. 8) is **DENIED**.

## BACKGROUND

In this case, Plaintiff Amanda Brazzel, alleges that Defendant State Farm Fire and Casualty Company breached a homeowner's policy by refusing to pay her claim after a plumbing accident damaged her property in Albany, Georgia. (*See* Doc. 1-2 at 1, 3).[1] Defendant issued a homeowner's policy, designated as 81-EU-S675-6, (the Policy) covering Plaintiff's property located at 1208 N McKinley St, Albany, Georgia 31701 (the Property). (Doc. 1-2 ¶ 7, at 5). "[U]nder the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against sudden and accidental direct loss." (*Id.* ¶ 6, at 4). The Policy included coverage for personal property that suffered from accidental direct physical loss due to "[a]brupt and accidental discharge or overflow of water, steam, or sewage from within a plumbing, heating, air conditioning, or automatic fire protective sprinkler system, or from within a household appliance." (*Id.*

---

[1]    On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1-2) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

at 36). On or about June 12, 2024, the Property sustained a loss "as a result of sudden and accidental failure of plumbing system[.]" (*Id.* ¶ 8, at 5). Plaintiff submitted a claim for the damage to the Defendant and the claim was assigned number 11-69F6-36N. (*Id.* ¶¶ 9–10, at 5). Plaintiff's Policy was in full force and effect on or about June 12, 2024, when the damage occurred to Plaintiff's Property. (*Id.* ¶ 8, at 5) Plaintiff paid all premiums due under the Policy and complied with all applicable provisions of the Policy. (*Id.* ¶ 22, at 7–8). Plaintiff alleges that, under the terms and conditions of the Policy, she is entitled to recover the value of the damage to the Property and that Defendant has breached the Policy by failing to adequately provide coverage under the Policy after the Property suffered water damage. (*Id.* ¶¶ 21–29, at 7–9). Plaintiff further alleges that Defendant has failed to act in good faith and fair dealing by refusing to properly investigate and pay Plaintiff under the Policy. (*Id.* ¶ 25, at 8).

Plaintiff originally brought this action in the Superior Court of Dougherty County on June 9, 2025. (Doc. 1-2 at 3). In the Complaint, Plaintiff brings a claim for two counts: (1) breach of contract, and (2) bad faith pursuant to O.C.G.A. § 33-4-6. (Doc. 1-2 at 7–13). Defendant removed the case to federal court on July 18, 2025, pursuant to this Court's diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(b); (*See* Doc. 1 at 1–2). Defendant filed a Motion to Dismiss on July 25, 2025. (Doc. 6). Plaintiff did not respond. (*See* Docket). Thus, the Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.2.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[,]" but the

2

same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim. (Doc. 6-1 at 7–13). Defendant argues that Plaintiff "makes numerous conclusory allegations against [Defendant,]" fails to plead damages, a requisite element of breach of contract, and alleges bad faith under a statutory provision that does not allow a private cause of action. (*Id.* at 9–12).

### I.    Motion to Dismiss

As a preliminary matter, while Plaintiffs—who are represented by counsel—failed to respond to the Motion to Dismiss, a district court may not "grant [defendant's] motion to dismiss based solely on the plaintiff['s] failure to respond in opposition." *Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017) (per curiam); *see Woodham v. Am. Cystoscope Co. of Pelham, N.Y.*, 335 F.2d 551, 556 (5th Cir. 1964)[2] (holding that dismissal without consideration of the merits of a motion to dismiss under local rule requiring response within ten days of the filing of a motion was unwarranted); *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (holding that plaintiff's initial failure to respond to a motion to dismiss and subsequent failure to respond after an express order to do so within ten days were insufficient grounds for dismissal). That said, "the [C]ourt is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her." *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990); *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that

---

[2]    The Eleventh Circuit has adopted as biding decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

could be made based upon the materials before it . . . . Rather, the onus is upon the parties to formulate arguments . . . ." (citations omitted)); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf." (citation omitted)). "When a motion to dismiss is granted as unopposed, the actual grounds for dismissal are the grounds chiefly asserted in said motion to dismiss." *Hosseinzadeh v. Greenpoint Mortg. Funding, Inc.*, No. 1:13-cv-01269-SCJ, 2013 WL 12095674, at *4 (N.D. Ga. Dec. 23, 2013) (citing *Abram v. Fulton Cnty. Gov't*, 482 F. App'x 421, 424 (11th Cir. 2012)), *aff'd per curiam*, 577 F. App'x 925 (11th Cir. 2014). "Accordingly, [Plaintiff's] decision not to proffer argument or authority in response to the Motion is at [her] peril." *Anderson v. Greene*, No. 05-0393-WS-M, 2005 WL 1971116, at *3 (S.D. Ala. Aug. 16, 2005).

### A. Breach of Contract

Defendant argues that the Complaint fails to allege sufficient facts to state a plausible claim of breach of contract. (Doc. 6-1 at 7–12). In Georgia, the elements for a breach of contract claim are (1) breach, (2) resultant damages, (3) the Plaintiff has the right to complain about the contract being broken. *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010) (citations omitted). According to Defendant, Plaintiff's Complaint "makes numerous conclusory allegations[,]" but makes no allegations as to which provisions of the Policy entitle her to relief and that Defendant breached. (Doc. 6-1 at 9).

A plaintiff fails to state a Georgia breach of contract claim where she does not "allege[] any general or specific provision of any contract that [the defendant] might have breached." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). Here, Plaintiff has alleged sufficient facts plausibly to state a claim for breach of contract under *Twombly* and *Iqbal*. Plaintiff alleges that (1) Defendant issued an insurance policy on her Property, (2) under the Policy, Defendant agreed to insure the Property against "sudden and accidental direct physical loss[,]" (3) the Property suffered a "loss as a result of sudden and accidental failure of [a] plumbing system[,]" and (4) Defendant "refus[ed] to properly investigate and pay the [l]oss according to the terms of the Policy." (Doc. 1-2 at 4–8).

4

Plaintiff alleged the specific provisions breached by Defendant—the provisions which provided coverage for "abrupt and accidental discharge or overflow of water"—and thus "identif[ies] the breached provisions with sufficient specificity to plausibly allege breach." *Boyd v. State Farm Fire and Cas. Co.*, No. 7:24-cv-116-WLS, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar insurance policy provisions on basis that plaintiff did plead the provision breached with sufficient particularity under federal pleading standards); (*See* Doc. 1-2 at 36). The Complaint "give[s] [Defendant] fair notice of what the claim is and the grounds upon which it rests." *Philippeaux v. Miami Apartments Invs., LLC*, No. 22-11692, 2023 WL 2989831, at *1 (11th Cir. Apr. 18, 2023) (per curiam) (quoting *Twombly*, 550 U.S. at 555).

Defendant also cites one nonbinding district court case from the Northern District of Georgia for the contention that the Complaint fails to state a claim because it fails to specify the amount of damages caused by Defendant's alleged breach. *Bauer v. State Farm Life Ins. Co.*, No. 1:21-cv-00464-SDG, 2022 WL 912687, at *2–3 (N.D. Ga. Mar. 28, 2022). In that case, the district court granted a motion to dismiss plaintiff's conversion claim because she failed to allege an identifiable sum of money that defendant allegedly converted from her account. *Id.* The district court explained that plaintiff's failure to identify the amount of money lost was detrimental to her claim because "money can [only] be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Id.* at 2. Here, Plaintiff asserts a breach of contract claim—not a conversion claim. (Doc. 1-2 at 7–9). The elements of conversion and breach of contract are not analogous, and Defendant has not cited any case law for the proposition that a plaintiff must plead the specific amount of damages suffered as a result of a breach of contract to survive a motion to dismiss. (*See* Doc. 6-1); *see Boyd*, 2025 WL 1073710, at *4 (finding that *Bauer* did not provide support for the argument that damages from breach of contract must be particularly pled). The Complaint gives Defendant sufficient notice, and Plaintiff adequately has stated a claim for breach of contract.

5

**B. Bad Faith Damages**

In Count II of her Complaint, Plaintiff brings a claim for bad faith pursuant to O.C.G.A. § 33-4-6. (Doc. 1-2 ¶¶ 31–41, at 9–13). Plaintiff alleges that Defendant "breached its duty of good faith and fair dealing and its affirmative duty to adjust claims fairly and promptly when [Defendant] failed to fully cover the damages and refused to conduct a reasonable investigation of [Plaintiff's] claim." (*Id.* ¶ 40, at 12). Defendant argues that Plaintiff's reliance on "O.C.G.A. § 33-6-34 to support a claim for bad faith under O.C.G.A. § 33-4-6 attempts to create a bad faith claim where in fact none exists." (Doc. 6-1 at 11).

While O.C.G.A. § 33-6-34 does not give rise to a private cause of action, Plaintiff's bad faith claim specifically states that it is brought pursuant to O.C.G.A. § 33-4-6, not O.C.G.A. § 33-6-34. (Doc. 1-2 ¶ 40, at 12); *see* O.C.G.A. § 33-6-37 ("Nothing contained in this article shall be construed to create or imply a private cause of action for a violation of this article."). O.C.G.A. § 33-4-6 provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6. To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiff must allege facts which establish: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6). "Since the statute imposes a penalty, its requirements are strictly construed." *Id.* (citation omitted). To recover damages, there must be "a loss which is covered by a policy of insurance[.]" O.C.G.A. § 33-4-6. "Georgia law provides that 'bad faith is any frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy.'" *May*

*v. Old Republic Nat'l Title Ins. Co.*, No. 4:21-CV-93 (CDL), 2022 WL 402216, at \*3 (M.D. Ga. Feb. 9, 2022) (quoting *Amica Mut. Ins. Co. v. Sanders*, 779 S.E.2d 459, 463 (Ga. Ct. App. 2015)). "Generally, '[b]ad faith is shown by evidence that under the terms of the policy upon which the demand is made and under the facts surrounding the response to that demand, the insurer had no good cause for resisting and delaying payment.'" *Id.* (quoting *Title Ins. Corp. v. Griffin*, 691 S.E.2d 633, 637 (Ga. Ct. App. 2010)) (alteration in original).

Here, as discussed above, Plaintiff has stated a claim for a loss that is covered under the Policy. (*See* Doc. 1-2 at 4–7). Moreover, Plaintiff's Complaint contains sufficient facts alleging that a demand for payment was made within 60 days prior to filing the underlying suit. (*See id.* ¶ 34, at 11; *id.* at 67). Lastly, Plaintiff alleges that Defendant "refused to reconsider its position" on the loss suffered when a re-evaluation was requested. (*Id.* ¶ 16, at 6). Plaintiff further alleges that Defendant "ignore[d] the opinions of [Plaintiff's] experts as to the amount of damage and the amount it [would] cost to restore the Property[.]" (*Id.*). Accepting Plaintiff's factual allegations as true and construing all reasonable inferences in her favor, the Court finds that Plaintiff adequately has alleged a plausible bad faith claim against Defendant.

## II.     Motion for Hearing

Defendant requests that the Court hold a hearing on the Motion to Dismiss. (Doc. 8). Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motions to dismiss. *See Coney v. Macon-Bibb Cnty.*, No. 5:19-cv-00145-TES, 2019 WL 13098500, at \*1 (M.D. Ga. June 6, 2019) (first citing *Gallo-Rodriguez v. United States*, 513 F. App'x 971, 973–74 (Fed. Cir. 2013); and then citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved the Motion to Dismiss based on the filings. Thus, oral argument is unnecessary, and Defendant's Motion for Hearing (Doc. 8) is **DENIED**.

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Doc. 6) is **DENIED** and Defendant's Motion for Hearing (Doc. 8) is **DENIED**.

**SO ORDERED**, this 11th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**